UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DIANE RIDGELY, ET AL                               CIVIL ACTION

VERSUS                                             NO. 07-2146

FEDERAL EMERGENCY MANAGEMENT        SECTION "C"  (4)
AGENCY, ET AL

ORDER AND REASONS

This matter comes before the Court on motion to transfer and motion to stay consideration of plaintiffs' motion for class certification filed by the defendants, Federal Emergency Management Agency, U. S. Department of Homeland Security, Michael Chertoff, and R. David Paulison (collectively "FEMA").  Having considered the record, the memoranda of counsel and the law, the Court has determined that transfer and stay are inappropriate for the following reasons.

The defendants are seeking transfer of this matter to the United States District Court for the District of Columbia based on the alleged relationship of this matter to Association of Community Organizations for Reform Now (ACORN) v. Federal Emergency Managment Agency (FEMA), Civ. Act. 06-01521-RJL

1

(D.C.D.C.)("ACORN"), a now-dismissed case previously filed in that district.  FEMA argues that transfer is appropriate under the "first-to-file rule" and under 28 U.S.C. § 1404(a) because of the claims in each case "center on substantially similar, if not identical due process claims relating to the notification of, and procedures for, eligibility determinations by [FEMA]" and because Washington, D.C. provides a more convenient forum.  (Rec. Doc. 23, p. 2).

**The complaints**

The Court's reading of the ACORN Complaint for Declaratory and Injunctive Relief indicates that the individual plaintiffs in ACORN are Katrina evacuees then-living in Texas at a time when FEMA was "transitioning its housing rental assistance payments from the emergency housing provisions of Section 403 of the Stafford Act to the longer-term housing provisions of Section 408" and that "FEMA sent a letter to local governments stating that it intended, 'on March 1, 2006, to transition all eligible evacuees from the Section 403 Interim Sheltering Program to the Section 408 Housing Program.'"  (Rec. Doc. 23, Exh. 4, pp. 4-5).  According to the Complaint, the individual plaintiffs would have lost their federal housing assistance on August 31, 2006 and be subject to eviction, "unless FEMA's illegal housing assistance termination procedures are corrected."  (Rec. Doc. 23, Exh. 4, p. 7).  The ACORN Complaint does include in its

prayer that "Section 403 and 408 assistance that is currently being provided to hurricane victims not be terminated before each recipient is provided a written statement that specifies the actual reason for the termination of benefits, provides adequate instructions for correcting any deficiencies, and allows sufficient time for appeal." (Rec. Doc. 23, Exh. 4, pp. 12-13).  The plaintiffs in <u>ACORN</u> were granted an preliminary injunction which enjoined, in relevant part, the challenged FEMA practices regarding "denials of evacuees' eligibility for housing assistance benefits under Section 408." <u>Association of Community Organizations for Reforem Now (ACORN) v. Federal Emergency Managment Agency (FEMA)</u>, 463 F.Supp. 2d 26, 37 (D.C.D.C. 2006).   That injunction was vacated on appeal:

> [W]e doubt plaintiff-appellees are likely to succeed on their claim that they have a property right to benefits under *section 403*, which FEMA has terminated and which the district court awarded as a remedy. ... Insofar as plaintiff-appellees claim a property right in *section 408* benefits, which they have neither received nor shown their eligibility for, we find it likely that Heckler v. Lopez, 463 U.S. 1328 ... (1983), prevents this court from upholding the district court's injunction.

<u>Association of Community Organizations for Reform Now (ACORN) v. Federal Emergency Management Agency (FEMA)</u>, 2007 U.S. App. LEXIS 929 (D.C. Cir.)(emphasis original).    The <u>ACORN</u> case was subsequently dismissed by the district court.   To the extent that the <u>ACORN</u> Complaint referenced Section 408 recipients, that

Complaint is now dismissed.  For this Court to find that the rights of recipients of Section 408 benefits were the focus of any order by either <u>ACORN</u> court would be contrary to the careful distinctions drawn by both those courts.  There is nothing in this record to support the defendants' apparent assumption that either the district court or the appellate court in <u>ACORN</u> addressed any issue concerning any recipient of Section 408 benefits so as to constitute "substantially similar, if not identical, due process claims."[1]

**First-to-file rule**

The "first-to-file rule" is a discretionary rule which allows for dismissal or

---

[1] The Court construes the Class Action Complaint in this matter as stating a putative class of "very low income people who have been displaced from their homes as a direct result of Hurricane Katrina and have received financial housing assistance pursuant to section 408 of the [Stafford Act]" who challenge "... FEMA's termination of their Section 408 Assistance without providing adequate notice of the reasons for termination and a meaningful pre-termination hearing, all in violation of their right to due process under the Fifth Amendment to the United States Constitution" and also challenge "... FEMA's  standards and procedures for recovering allegedly overpaid assistance from recipients of Section 408 Assistance." (Rec. Doc. 1, ¶¶ I. 1 & 5.).  The Court recognizes that both Complaints alleged due process violations, but to the extent allegations contained in this Complaint pertain to allegedly deficient notice practices similar to those allegedly deficient practices challenged in the <u>ACORN</u> case with regard to Section 403 recipients, it demonstrates the extent and  history of alleged arbitrary and inconsistent conduct by FEMA.  As a result, this Court is not confused by the inclusion of a reference in this Complaint to the <u>ACORN</u> district court finding "that similar notices, used to deny Section 408 Assistance to recipients under Section 403, were unconstitutionally vague." (Rec. Doc. 1, ¶  V. E. 26).

transfer of a second case related to a first-filed case pending before a different federal court if the two cases "substantially overlap." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599,603 (5th Cir. 1999). The rule is based on principles of comity and sound judicial administration and is designed "... to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." Id. The "first-to-file rule" and the doctrine of collateral estoppel are similar.

> Although both doctrines rest on notions of judicial economy and consistency in judgment, they address these issues at different times. Collateral estoppel is a backward-looking doctrine. Courts apply it to avoid relitigation of, and inconsistency with, issues already decided by other courts ...
> ***
> The first-to-file rule, by contrast, is essentially a forward-looking doctrine. Courts use this rule to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court.

Cadle, 174 F.3d at 603-604. The defendants do not argue collateral estoppel. The first-to-file rule does not apply here.[2]

---

[2] The Court observes that the Class Action Complaint for Injunctive and Declaratory Relief filed in Beatrice B. McWaters v. Federal Emergency Management Agency, Civ. Act. 05-5488 "K" (E.D.La) also contained due process claims brought on behalf of Katrina victims seeking benefits under the Stafford Act. It was filed on November 11, 2005. The ACORN case was filed on August 29, 2006.

**Section 1404(a) transfer**

Section 1404(a) states the rule for determining the propriety of transfer to another district for the convenience of the parties.

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"Convenience," looks to private and public interest facts, none of which are given dispositive weight.  Volkswagen AG, 371 F.3d 201,203 (5th Cir. 2004).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. ... The public concerns include: (1) the administrative difficulties flowing f rom court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

Id.

The Eastern District of Louisiana is the epicenter of the vast majority of the remaining housing and aid issues for victims of Katrina.  Despite this now-historic reality, the defendants argue in favor of transfer to Washington, D.C. "[f]or the convenience of the parties and witnesses, in the interest of justice."   The Court finds

that not a single relevant factor weighs in favor of the proposed transfer.[3]

**Stay of motion for class certification**

The defendants move for a stay of consideration of the motion for class certification because issues of subject matter jurisdiction and venue have not been resolved and do not need to be raised by the defendants until June 18, 2007, and that "addressing class certification on the timetable currently in place would substantially and needlessly burden Defendants, while staying the motion would result in no prejudice to Plaintiffs or putative class members." (Rec. Doc. 20, p. 3).  The Court finds no support for the motion, which deserves to be summarily denied.

Accordingly, IT IS ORDERED that the  motion to transfer and motion to stay consideration of plaintiffs' motion for class certification filed by the defendants, Federal Emergency Management  Agency, U. S. Department of Homeland Security, Michael Chertoff, and R. David Paulison are DENIED.  (Rec. Docs. 23 & 20).

New Orleans, Louisiana, this 25th day of May, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[3] Although certainly FEMA has a presence in the nation's capital, the Court advises that FEMA personnel have enjoyed an enhanced presence in this district in the aftermath of Katrina.