UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DIANE RIDGELY, ET AL                                CIVIL ACTION

VERSUS                                              NO. 07-2146

FEDERAL EMERGENCY MANAGEMENT        SECTION "C"  (4)
AGENCY, ET AL

ORDER AND REASONS

This matter comes before the Court on the plaintiffs' motion for class certification. (Rec. Doc. 4). Having considered the record, the memoranda and argument of counsel and the law, the Court has determined that class certification is appropriate for the following reasons.

The plaintiffs in this class action seek declaratory and injunctive relief against the Federal Emergency Management Agency, U. S. Department of Homeland Security, Michael Chertoff, and R. David Paulison (collectively "FEMA") under the Fifth Amendment to the United States Constitution, the Stafford Act, 42 U.S.C. § 5151, *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 552(a)(2) & 706 ("APA"). The four named plaintiffs seek to represent the interests of two classes of persons under Fed. R.

1

Civ. P. 23(a)[1] and 23(b)(2)[2] who have applied for and received assistance under Section 408 of the Stafford Act, 42 U.S.C. § 5174, as a result of being displaced by Hurricanes Katrina and/or Rita.  The first "Section 408 Class" concerns, for present purposes, those persons who have been or will be denied continued assistance and who have appealed or will appeal the denial of benefits and three subclasses of those persons who (1) have had benefits terminated without an adequate and/or timely notice of the reasons for termination, (2) have had benefits terminated without an adequate pre-termination hearing, or (3) have had benefits terminated due to efforts by FEMA to recover alleged overpayments.  The second "Repayment Class" consists of persons who received from FEMA a demand for repayment of benefits received.[3]  Each of the named plaintiffs

---

[1]   Rule 23(a) provides prerequisites to a class action:
One or more members of a class may sue or be sued as representative parties on behalf of all only in (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of all representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

[2]   Rule 23(b)(2) provides that a class action meeting the prerequisites of Rule 23(a) may be maintained if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole ..."

[3]   The Court has previously construed the Class Action Complaint in this matter as defining a putative class of "very low income people who have been displaced from their homes as a direct result of Hurricane Katrina and have received

have had Section 408 benefits denied.  (Rec. Doc. 4, p. 1).   The Complaint sets forth ten claims against the defendants, eight of which allege Fifth Amendment due process violations, one of which alleges failure to publish under the APA and one of which alleges the failure to establish a fair system regarding Section 408 assistance in violation of the Stafford Act and FEMA's rules.  (Rec. Doc. 1, ¶¶ VIII. 93-106).

**Rule 23(a)**

The plaintiffs maintain that the requirements of Rule 23 are satisfied in their motion for class certification and emphasize the injunctive relief sought in challenging FEMA's procedures.   FEMA's opposition focuses instead on the individualized results of those challenged procedures.[4]

---

financial housing assistance pursuant to section 408 of the [Stafford Act]" who challenge "... FEMA's termination of their Section 408 Assistance without providing adequate notice of the reasons for termination and a meaningful pre-termination hearing, all in violation of their right to due process under the Fifth Amendment to the United States Constitution" and also challenge "... FEMA's  standards and procedures for recovering allegedly overpaid assistance from recipients of Section 408 Assistance."  (Rec. Doc. 49 citing to Rec. Doc. 1, ¶¶ I. 1 & 5.).   The parties appear to agree on the proposed definition of the classes.

[4]        First, FEMA argues lack of jurisdiction because no case or controversy exists as the plaintiffs are not directly attacking the outcome of any FEMA decision already made.  According to FEMA, this shortcoming also undermines standing under Allen v. Wright, 468 U.S. 737 (1984) and Bayou Liberty Assn., Inc. v. U.S. Army Corps of Engineers,  217 F.2d. 393 (5th Cir. 2000).  In an effort to move this motion forward, however, the Court will assume that subject matter jurisdiction exists for present purposes.   The jurisdictional issue is raised again by FEMA in opposition to the class-

Rule 23 "continues to have as its objectives the efficient resolution of the claims or liabilities of many individuals in a single action, the elimination of repetitious litigation and possibly inconsistent adjudications involving common questions, related events, or request for similar relief, and the establishment of an effective procedure for those whose economic position is such that it is unrealistic to expect them to seek to vindicate their rights in separate lawsuits." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7A *Federal Practice & Procedure* § 1754 (West).  The rule is liberally construed and the issue whether a class exists under Rule 23 is a question of fact dependent on the circumstances. Id.   In order to qualify as a class action, the prerequisite showings of numerosity, commonality, typicality and adequacy are required.  Of those four prerequisites, the only one unchallenged by the defendants is numerosity, which the Court finds satisfied.

With respect to commonality, the plaintiffs offer a list of claimed common issues of law and fact. (Rec. Doc. 4, p. 8-9).  FEMA relies on Love v. Johanns, 439 F.3d 723, 729-730 (D.C. Cir. 2006), in arguing that "no common issue the resolution of which will advance the litigation" exists where each plaintiff's eligibility is individually

---

wide preliminary injunction and in support of its own motion to dismiss, both of which are pending.

determined, because "the fact that mistakes may have been made is not evidence of class-wide mistreatment," and because the alleged due process violations are insufficiently common.  (Rec. Doc. 50, p. 17).

"The test for commonality is not demanding and is met 'where there is at least one issue, the resolution of which will affect all or a significant number of putative class members.'"  <u>Mullen v. Treasure Chest Casino, L.L.S.</u>, 186 F.3d 620, 624 (5th Cir. 1999), quoting <u>Lightbourn v. County of El Paso</u>, 118 F.3d 421, 426 (5th Cir. 1997).  "This provision does not require complete identity of legal claims among the class members. ... [b]ut ... it does require that there be at least one issue whose resolution will affect all or a significant number of the putative class members."  <u>Stewart v. Winter</u>, 669 F.2d 328, 335 (5th Cir. 1982).  "The interests and claims of the various plaintiffs need not be identical."  <u>Forbush v. J.C. Penney Co., Inc.</u>, 994 F.2d 1101, 1106 (5th Cir. 1993).   Here, the common issues deal with the adequacy of FEMA's process and not the particular individual outcomes of that process.  The Court is persuaded that FEMA uses similar, if not identical, procedures with regard to the proposed class members, which satisfies the element of commonality.

"Like commonality, the test for typicality is not demanding.  It 'focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of

5

those whom they purport to represent.'"  Mullen, 186 F.3d at 625, quoting Lightbourn, 118 F.3d at 426.  The plaintiffs maintain that the claims of the named representatives are typical of the claims of all class members because they possess the same interests and suffer the same injuries.  (Rec. Doc. 4, p. 10).   FEMA argues that the class representatives' claims do not have the same essential characteristics of the class because of the highly individualized nature of each member's claim for benefits.  Again, this misses the mark that the focus of the litigation is upon the in-common procedures, not the individual outcomes.  The court finds that typicality has been established.

   The plaintiffs further argue that the representatives will adequately represent the interests of the class because they have a common interest, do not have antagonistic interests and are able to vigorously pursue those interests through qualified counsel.  (Rec. Doc. 4, p. 11).  "Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests."  Mullen, 186 F.3d at 625-626.   FEMA argues that the class representatives "are inappropriate ... because Plaintiffs have suffered no injury in fact as a result of the procedures challenged in this case" and because each claim is individualized.  (Rec. Doc. 50, p. 20).  The Court disagrees and finds that the plaintiffs have established this final prerequisite

under Rule 23(a).[5]

**Rule 23(b)(2)**

Turning to Rule 23(b)(2), the plaintiffs argue that their suit for injunctive relief is appropriate and "well suited for certification ... because it alleges that Defendants' policies and practices generally applicable to class members have operated to injure them in violation of the federal law."  (Rec. Doc. 4, p. 12).  FEMA first argues that the plaintiffs are actually seek monetary award, not injunctive relief, hence certification is inappropriate under Fifth Circuit jurisprudence. Allison v. Citgo Petroleum Corp., 151 F.3d 402, 411 (5th Cir. 1998).[6]  FEMA repeats its argument that because eligibility is an individualized determination, it does not translate into eligibility to all class members and cannot be the subject of a Rule 23(b)(2) class action.  (Rec. Doc. 50, pp. 20-21).

Here, all of the class members seek the same procedural safeguards.  The misconduct sought to be remedied derives from the allegedly faulty process used, not the individual determination made.  Even FEMA treats the proposed class members by

---

[5] This argument is revisited in FEMA's opposition to the plaintiffs' motion for preliminary injunction and in its own motion to dismiss.

[6] The Court notes that the Allison case also provides that "[a]ctions for class-wide injunctive or declaratory relief are intended for (b)(2) certification precisely because they involve uniform group remedies.  Such relief may often be awarded without requiring a specific or time-consuming inquiry into the varying circumstances and merits of each class member's individual case." Allison, 151 F.3d at 414.

7

groups during the process because of the sheer numbers, and despite the fact that each individual ultimately receives an individualized determination of eligibility.

The plaintiffs have adequately defined a Rule 23(b)(2) class action for injunctive and declaratory relief, focusing on the process used by the defendants to determine ineligibility for Section 408 assistance. The Court finds that the plaintiffs have successfully established the prerequisites for certification under Rule 23(a): they are sufficiently numerous that joinder of all plaintiffs is impracticable, there are issues of law and fact common to the class, the claims and defenses of the class representatives are typical of the claims of the class as a whole, and the named plaintiffs will fairly and adequately protect the interests of the proposed class.[7]  The Court also finds that the requirements of Rule 23(b)(2) have been met: "because of the group nature of the harm alleged and the broad character of the relief sought, the (b)(2) class is, by its very nature, assumed to be a homogenous and cohesive group with few conflicting interests among its class members."  Allison, 151 F.3d at 412.  See, McWaters v. FEMA, 237 F.R.D. 155 (E.D.La. 2006).

Accordingly,

---

[7]  FEMA does not dispute that plaintiffs' counsel are experienced and qualified litigators.

IT IS ORDERED that the plaintiffs' motion for class certification is **GRANTED**. (Rec. Doc. 4). The Court shall sign the order proposed by the plaintiffs, and will consider any amendment upon motion. (Rec. Doc. 4-2).

New Orleans, Louisiana, this 13th day of June, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE