UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIANE RIDGELY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-02146** |
| **FEDERAL EMERGENCY MANAGEMENT AGENCY, ET AL.** | **SECTION: "C" (4)** |

### ORDER

Before the Court is the **Defendants' Motion for Protective Order (R. Doc. 139)**, filed by the Defendants, the Federal Emergency Management Agency ("FEMA"); the U.S. Department of Homeland Security; Michael Chertoff, the Secretary of the Department of Homeland Security; and R. David Paulison, the Administrator of FEMA, seeking to limit the Plaintiffs' discovery to that of the administrative record. The Plaintiffs, Diane Ridgely, Judy Sturken, Tamica Dickson, and David Bellinger, oppose the motion. The motion was heard with oral argument on May 21, 2008.

### I.  Background

The Plaintiffs allege that they are low-income persons who were displaced from their homes by Hurricane Katrina. They were receiving financial housing assistance pursuant to 42 U.S.C. § 5174, Section 408 of the Stafford Disaster Relief and Emergency Assistance Act ("Stafford Act"). They filed this suit as a challenge to FEMA's termination of their Section 408 assistance without providing adequate notice for the termination or adequate pre-termination hearing, in violation of their rights to due process under the Fifth Amendment. The Plaintiffs also allege that FEMA has failed to comply with its own manner of publishing regulations pursuant to the Administrative Procedure Act, 5 U.S.C. § 552 ("APA"). The Plaintiffs assert that this Court can review the

agency's arbitrary and capricious termination of benefits and the efforts to collect overpayments.

The Plaintiffs allege that the unlawful termination of the Section 408 assistance has resulted in the eligible families losing their means to (1) pay rent, (2) prevent utility shut-offs, or (3) otherwise provide themselves with adequate shelter. The Plaintiffs also challenge FEMA's attempts to seek recovery of what it claims to be overpayments for assistance that was provided. In sum, the Plaintiffs claim that the Defendants have failed to provide a constitutionally adequate process for them to challenge the terminations, obtain additional awards of temporary housing assistance, and challenge the attempts to collect allege overpayments.

### A.  **The Defendants' Position**

The Defendants filed the instant motion seeking to limit discovery to those matters contained in the administrative record. The Defendants argue that the only matters remaining before the Court after the remand by the Fifth Circuit relate to the determination of whether the Plaintiffs have a vested property right in the rental assistance. Therefore, the Defendants contend that permitting discovery and holding a trial or evidentiary hearing would be improper. Rather, they maintain that the Court is bound only to review the administrative record.

Furthermore, the Defendants argue that the Plaintiffs have alleged three basis for their claims against them: (1) the Stafford Act, (2) the Due Process clause of the Fifth Amendment, and (3) the APA. They argue that only the APA waives the United States's sovereign immunity for the claims the Plaintiffs have asserted and the claims are therefore limited by the APA. The Defendants argue that the APA limits judicial review to the administrative record prepared by the agency and absent extraordinary circumstances, discovery is not permitted. The Defendants also suggest that both the discovery deadlines and the trial itself scheduled by the District Judge are inappropriate since this

Court is limited to a review of the administrative record.

The Defendants argue that the APA provides the exclusive basis for the Plaintiffs to proceed against them. They argue that sovereign immunity bars the type of suit brought by the Plaintiffs, whether it seeks injunctive or monetary relief, except as it is brought under the APA. *Lynch v. United States*, 292 U.S. 571, 582 (1934); *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982); *United Tribe of Shawnee Indians v. United States*, 253 F.3d 543, 547 (10th Cir. 2001).

They argue that Congress has not waived sovereign immunity in this case. Therefore, this suit brought against federal agencies and federal agents in their official capacity is not appropriate before this Court. Specifically, the Defendants argue that neither the Stafford Act nor Constitution provide a waiver of sovereign immunity.

The Defendants argue that the APA is the only basis for this suit which provides a waiver of immunity. 5 U.S.C. § 702.[1] They contend that if claims predicated on a violation of the Stafford Act can be brought, it would only be under the APA as a challenge to the agency's action as arbitrary, capricious, abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. §

---

[1]Title 5 U.S.C. § 702 provides as follows:
A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

706(2)(A).[2] As for the constitutionality of the agency's action, such a challenge could be brought under the APA as a challenge to the agency's action as contrary to constitutional right, power, privilege, or immunity. 5 U.S.C. § 706(2)(B).

The Defendants assert that because the Plaintiffs' claims can only be brought under the APA, the Plaintiffs are not entitled to discovery. The Defendants contend that the Court is limited to a review of the administrative record to articulate a rational relationship between the facts and the decision made. *City of Abilene v. United States*, 325 F.3d 657, 664 (5th Cir. 2003). The Court must be deferential to the agency and not substitute its own judgment for that of the agency. *Id*. Review of the agency action is undertaken based solely on the record of the agency. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

The Defendants contend that because of this deferential standard, discovery typically is not permitted. *Common Sense Salmon Recovery v. Evans*, 217 F. Supp.2d 17, 20 (D.D.C. 2002); *Woods v. Fed. Home Loan Bank Bd.*, 826 F.2d 1400, 1406 (5th Cir. 1987); *Baker v. Bell*, 630 F.2d 1046, 1050-51 (5th Cir. 1980). The Defendants also argue that, for the same reasons, Federal Rule of Civil

---

[2]Title 5 U.S.C. § 706 provides as follows:
To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
(1) compel agency action unlawfully withheld or unreasonably delayed; and
(2) hold unlawful and set aside agency action, findings, and conclusions found to be--
(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
(B) contrary to constitutional right, power, privilege, or immunity;
(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
(D) without observance of procedure required by law;
(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

Procedure ("Rule") 26 also indicates that the actions for review of administrative records are exempt from the initial disclosure and meet and confer requirements. The Defendants assert that these principles compel the conclusion that the Plaintiffs are not entitled to discovery outside of the administrative record. The Defendants contend that "[b]ecause it is reversible error, permitting discovery and trial to proceed in this case would be a needless and improper expenditure of the parties' and this Court's time and resources that could lead to vacating of this Court's final decision and substantial further delay in the final disposition of claims that are now nearly a year old." (R. Doc. 139-2, p. 13.)

### B. The Plaintiffs' Opposition

The Plaintiffs argue that the motion should be denied because the Defendants' motion is not a discovery motion but a "broad and premature" attempt to limit the scope of judicial review of the constitutionality of its procedures. They also note that the motion was filed before the Plaintiffs served any requests for discovery and before FEMA has presented the administrative record.

The Plaintiffs contend that there suit is not a traditional challenge to an agency adjudication under the APA. It is instead a constitutional challenge to FEMA's procedures. They argue that the Fifth Circuit has held that a direct constitutional challenge is available independent of the APA. *Porter v. Califano*, 592 F.2d 770, 781 (5th Cir. 1979).

The Plaintiffs also argue that the review under the APA is not limited strictly to the administrative record. They envision that there will be gaps in the administrative record which will require some discovery of FEMA policies and procedures and other statistical data. They also argue that the premise of the lawsuit is that FEMA based its decisions in part on inadequate records, the administrative record to which FEMA seeks to bind the Court.

The Plaintiffs also challenge the Defendants' suggestion that this Court is limited to a deferential review of FEMA's decision.  They argue that in evaluating a constitutional challenge to an agency's decision, a federal court can make an independent assessment of the facts and the law and look beyond the administrative record.  5 U.S.C. 706(2)(B); *Porter v. California*, 592 F.2d 770, 780 (5th Cir. 1979); *Rydeen v. Quigg*, 748 F. Supp. 900, 906 (D.D.C. 1990); *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 493 (1991).

Alternatively, the Plaintiffs argue that even if this action could only be brought under the APA, this complex case will meet several of the recognized exceptions to the administrative record rule.  *Shah v. Chertoff*, 2007 WL 2948362 (N.D. Tex. Oct. 10, 2007).  They assert that there likely will be inadequate explanations of the reasons for the agency's decision in the record and the failure of the record to document consideration of all relevant factors.  However, because the record has not yet been lodged, it is difficult for the Plaintiffs to know for sure of its failings.  They also argue that the agency's lack of good faith will warrant review extra-record evidence.  The Plaintiffs also contend that even with the administrative record, there may be a basis to conduct some discovery regarding the record itself.

## II.  **Standard of Review**

The decision to enter a protective order is within the Court's discretion.  *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995).  Rule 26(c) governs the issuance of protective orders.  It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party

or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c). Specifically, under subsection (c)(1)(g) of Rule 26, a protective order may be entered "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

### III.   Analysis

Here, the Defendants have failed to a basis or good cause for the issuance of a protective order. As noted by the Plaintiffs, the parties have not yet served discovery upon each other. A basic premise of Rule 26 is that "[a] party or any person from whom discovery is sought may move for a protective order . . ." Even though the Court has opened discovery in its Scheduling Order (R. Doc. 135), based on the parties' assertions in their pleadings, no party has yet sought discovery from another party.[3] Accordingly, because discovery has not been sought from the Defendants, they are not in a posture to seek a protective order at this juncture.

Furthermore, the Defendants' motion is premised on the conclusion that this Court is without jurisdiction to consider the Plaintiffs' claims outside of the APA. Invoking sovereign immunity, the Defendants argue that the Court must limit its review to that authorized under the APA, which would

---

[3] The Plaintiffs assert that "[n][o discovery has yet been sought in the case," (R. Doc. 148, p. 6) and the Defendants confirm that the Plaintiffs have not yet propounded discovery in their request to supplement their pleading. (R. Doc. 149-2, p. 5.)

limit review to the administrative record.  As noted by the Defendants, cases involving administrative records are also exempted from the initial disclosure requirement of Rule 26.  *See* Fed. R. Civ. P. 26(B)(I).

The Defendants have not filed any dispositive motions to invoke sovereign immunity as to the Stafford Act or Fifth Amendment claims or to have the Court limit its review solely to a determination of the property interest in the rental assistance.  Much of the argument in the motion for protective order revolves around the sovereign immunity, or limited jurisdiction and review, issues, which is outside the scope of a protective order motion.

As the Plaintiffs argued, this motion is premature to the extent that no one has served discovery on the Defendants.  Second, the motion is premature until such time as the Court has been given an opportunity to evaluate the sovereign immunity defense and otherwise limits its review or jurisdiction to the APA.  Should the Court do so, the protective order, or discovery limitation, is not automatic, and will have to be evaluated based on the requirements and exceptions set forth in the APA.

Generally, when a court reviews an agency decision under the APA, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."  *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Chi-Fen Chang v. Thornburgh, AG*, 719 F. Supp. 532, 535 (N.D. Tex. 1989).  However, as noted by the Plaintiffs and recognized by the Defendants, some exceptions apply to the general rule that limits the scope of an APA review to the administrative record.  A court may elect to allow so-called "extra-record" evidence:

 (1) when agency action is not adequately explained in the record before the court;

(2) when the agency failed to consider factors which are relevant to its final decision;
(3) when an agency considered evidence which it failed to include in the record;
(4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly;
(5) in cases where evidence arising after the agency action shows whether the decision was correct or not;
(6) in cases where agencies are sued for a failure to take action;
(7) in cases arising under NEPA; and
(8) in cases where relief is at issue, especially at the preliminary injunction stage.

*ITT Fed. Servs. Corp. v. United States*, 45 Fed. Cl. 174, 185 (1999).

At the appropriate time, the Court will have to consider whether the Plaintiffs have established any of these exceptions. They have argued that the litigation is complex, that the record is not adequate and that the agency failed to consider factors relevant to its decision. At this time, however, the Defendants motion is premature. Therefore, the Court denies the Defendants' motion as premature without prejudice to be re-filed if appropriate after the District Judge has been given the opportunity to consider jurisdiction and any limits on review powers.

## IV.  Conclusion

Accordingly,

**IT IS ORDERED** that the **Defendants' Motion for Protective Order (R. Doc. 139)** is **DENIED**.

New Orleans, Louisiana, this 23rd day of June 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**