UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DIANE RIDGELY, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                   **NO. 07-2146**

**FEDERAL EMERGENCY**                                        **SECTION "C" (5)**
**MANAGEMENT AGENCY, ET AL.**

## ORDER AND REASONS

On November 10, 2010, this Court held a fairness hearing under Federal Rule of Civil Procedure 23(e)(2) to determine if the proposed settlement in this case is "fair, reasonable and adequate." Both parties seek the approval of the proposed settlement and maintain that the settlement is fair. (Rec. Doc. 284-1 at 8).

## FEDERAL RULE OF CIVIL PROCEDURE 23(e)(2)

Rule 23(e)(2) requires that if the proposed settlement "would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(2). The Fifth Circuit prescribes an assessment of the following six factors when evaluating whether a class settlement should be approved under Rule 23(e)(2):

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.

*Ayers v. Thompson*, 358 F.3d 356, 369 (5th Cir. 2004) (citing *Reed v. General Motors, Corp.*, 703

F.2d 170 at 172 (5th Cir. 1983)).

*I. The Existence of Fraud or Collusion in the Settlement*

As to the first factor, this Court finds no evidence of "fraud or collusion" behind the settlement. Both Plaintiffs' and Defendants' counsel have zealously litigated this case. Indeed, Defendants have successfully appealed one of this Court's orders to the Fifth Circuit. *See generally, Ridgely v. Federal Emergency Management Agency*, 512 F.3d 727 (5th Cir. 2008) (vacating this Court's preliminary injunction requiring FEMA to make continuing payments to class members until additional appeal procedures were provided). In addition, the settlement agreement itself was reached with the assistance of Magistrate Judge Chasez and negotiated at arms-length for over a year, without any hint of collusion. (Rec. Doc. 319 at 6). The $300,000 that Plaintiffs' counsel seek for attorneys fees and expenses will not be paid from the $2.62 million settlement fund and is significantly below the market value for the services Plaintiffs' counsel have provided. *Id.* at 19.

*II. The Complexity, Expense and Likely Duration of the Litigation*

The second factor weighs in favor of approval because as mentioned before, this case has been heavily litigated since 2007 and if this settlement is not approved it could take several additional years. Even if the Plaintiffs were successful at trial, they would only be entitled to a determination that FEMA's procedures were constitutionally deficient. Such a finding would only have the effect of permitting each class member to challenge FEMA's determination of their entitlement to additional housing assistance on a case by case basis before FEMA itself. Therefore a successful outcome of this lawsuit would require additional litigation before any class member was

entitled to any payments from FEMA.

*III. The Stage of the Proceedings and the Amount of Discover Completed*

The third factor also weighs in favor if approval because this case has been litigated since 2007, with significant discovery conducted by Plaintiffs. (Rec. Doc. 319 at 10). The Court finds that class counsel has had ample time to conduct sufficient discovery to make an informed decision that the settlement agreement is in the best interests of all parties.

*IV. The Probability of Plaintiffs' Success on the Merits*

The fourth factor weighs in favor of approval because the Fifth Circuit has already held that Plaintiffs were not likely to succeed on the merits for purposes of vacating the preliminary injunction issued by this Court. *Ridgely v. Federal Emergency Management Agency*, 512 F.3d at 735. However, in the course of that ruling the Fifth Circuit did find that Plaintiffs had a small chance on prevailing at trial. *Id.* at 739. Specifically, the Fifth Circuit held that to prove their case, Plaintiffs would have to establish that FEMA's conduct in administering the financial housing assistance program for Katrina and Rita created an expectation of continued assistance, and therefore gave rise to a property right subject to constitutional due process protections. *Id.* All parties and this Court agree that this Fifth Circuit ruling dramatically reduced the chances of a favorable outcome for Plaintiffs. (Rec. Docs. 319 at 12; 320 at 10).

*V. The Range of Possible Recovery*

The fifth factor also weighs in favor of approval because, as just mentioned, even if this class

3

action were successful on the merits, each class member would have to individually challenge their housing assistance eligibility determination before FEMA. There is no guarantee that any individual class member would be found eligible for additional housing assistance and even if they were found eligible, there is no way to know the amount of any additional assistance. Moreover, since the challenged housing assistance programs have now ended, there is substantial uncertainty that individual class members could get any additional housing assistance from FEMA at all. (Rec. Doc. 319 at 13). While the individual payments contemplated under the Settlement Agreement are potentially modest, they avoid the need for any further litigation before FEMA by individual class members.

*VI. The Opinions of the Class Counsel, Class Representatives, and Absent Class Members*

The final factor, the opinion of participants, also weighs in favor of approval. All class representatives have agreed that the settlement is fair. (Rec. Doc. 319 at 15). Class counsel also agrees that the settlement is fair, and class counsel consists of several public interest law firms with strong ties to the region and with extensive experience in disaster assistance programs and public benefits law. *Id.* As to the objections of class members, the Court received a total of 23 written objections and also heard 23 statements during the fairness hearing.

It should be noted that objectors in the record make up a small proportion of the 34,000 potential class members. Of those people who did take the time to object to the proposed settlement, many were not objecting to the settlement proposal itself, but they were using the occasion to voice their general grievances with FEMA. Indeed many objectors at the fairness hearing were not class members, but had issues with FEMA stemming from assistance programs not the subject of this

lawsuit. Those class members who did object to the proposed settlement primarily took issue with the amount of their potential recovery, claiming it was too low to compensate them for their losses from Hurricanes Katrina and Rita. (Rec. Doc. 319 at 15). Others objected on the grounds that the class was too narrowly defined, thus leaving out many people who should be compensated by FEMA. *Id.* Some others objected to the amount of attorneys' fees, the waiver and release provision in the proposed settlement, the notice they were afforded and the possibility that disbursements from the settlement fund could impact class members' eligibility for other forms of government assistance. *Id.*

The Court has already found that the attorneys' fees payment under the settlement agreement is fair and adequate. Moreover, the Court concludes that any distributions from the settlement fund should be treated as financial assistance payments under Section 408 of the Stafford Act, thereby preserving the class members' rights with respect to the treatment of such distributions for tax purposes or qualification for other assistance programs. The Court also finds that the notice provided to potential class members has been more than adequate, as it has generated over 100,000 claim forms and 500,000 phone calls for a class with only 34,000 members.

Regarding the amount of the settlement fund, this Court reiterates that this lawsuit was never intended to primarily obtain a monetary award for class members. From the beginning this lawsuit sought procedural relief that would require FEMA to provide additional procedural protections concerning appeals from denials of requests for continuation of Section 408 housing assistance. Even with such added procedural protections, it is unknown if anyone who had been terminated from the program would have been entitled to reinstatement. Furthermore, the procedural relief originally sought is now largely moot because FEMA's Section 408 assistance programs for Hurricanes

Katrina and Rita are now closed. As soon as it became clear that they would be unable to obtain the procedural remedy they sought, class counsel reached a compromise with Defendants on a lump-sum payment of $2.65 million in order to settle this lawsuit. Under all the circumstances, this Court finds that the decision to settle for a lump-sum was made after adequate discovery and is fair and adequate to the class members.

The Court also finds that the Section 408 settlement class is appropriately defined. This lawsuit did not assert claims on behalf of anyone who did not meet the Section 408 class definition. As this lawsuit has always been about the procedures FEMA used to determine appeals of the denial of continued financial housing assistance, individuals who did not appeal FEMA decisions denying them continued housing assistance cannot be members of this class. While people may have other grievances with FEMA, those disputes are not subject to the waiver and release contained in the settlement agreement, which has been negotiated to be as narrow as possible.

In light of the foregoing, and pursuant to Rule 23(e)(2), this Court finds that the proposed settlement is "fair, reasonable, and adequate" and therefore approves the settlement.

## **CONCLUSION**

Accordingly,

IT IS ORDERED that the settlement reached between the parties is APPROVED.

IT IS FURTHER ORDERED that in an effort to reduce the cost of administering the Settlement Fund, and therefore maintain as much of the Net Settlement Fund as possible for distribution to eligible Section 408 Class Members, the Plaintiffs' proposed modification to the Notice Plan is hereby APPROVED. As approved at the November 10, 2010 Settlement Fairness

Hearing, the Settlement Information Line will not provide any live operator phone support as of November 11, 2010. In addition, the Administrator will not mail any additional supplemental claim packages as of November 11, 2010. Section Class members may still access all necessary information, including claim packets and certification and eligibility forms on the settlement website, www.FEMAsettlement.com.

IT IS FURTHER ORDERED that pursuant to 44 C.F.R. Sections 206.110(f), (g) and Section 312(d) of the Robert T. Stafford Disaster Relief and Emergency Act (the "Stafford Act"), 42 U.S.C. § 5155, assistance provided pursuant to Section 408 of the Stafford Act is not counted as income or a resource in determining eligibility for welfare, income assistance or income-tested benefit programs that the Federal Government funds and is exempted from garnishment. By definition, each Section 408 Class Member did receive financial housing assistance pursuant to Section 408 of the Stafford Act. The Settlement Fund shall be administered consistent with 42 U.S.C. § 5155 to minimize administrative costs and to preserve the rights of Section 408 Class Members with respect to other assistance programs to the greatest extent possible.

New Orleans, Louisiana, this 13th day of December, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE